UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ SEP 23 2019 ★

BROOKLYN OFFICE

-------------------------------------------------------------- X

**SUNAJ SARACI** *on behalf of himself and*
*all other similarly situated consumers,*

                Plaintiff,

    – against –

**CAPITAL MANAGEMENT SERVICES, L.P.,**

              Defendant.

-------------------------------------------------------------- X

**MEMORANDUM AND ORDER**
1:18-CV-05149 (AMD) (RER)

**ANN M. DONNELLY**, United States District Judge:

    On September 12, 2018, the plaintiff commenced this action, on behalf of himself and

others similarly situated, alleging that the defendant violated Sections 1692d, 1692e, 1692e(10),

and 1692f on the Fair Debt Collection Practices Act (FDCPA). (ECF No. 1.) On January 10,

2019, the defendant moved to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal

Rules of Civil Procedure. (ECF No. 15.) For the reasons that follow, the defendant's motion is

granted and the complaint is dismissed.

## BACKGROUND[1]

    The essence of the plaintiff's claim is that the defendant violated the FDCPA by offering

him the opportunity to pay only a fraction of the consumer debt he owed. In September 2017,

the defendant sent the plaintiff a debt collection letter with the following caption in large capital

letters: "61% SETTLEMENT OFFER." (*Id.* ¶ 10; ECF No. 1-2 at 1.) In the letter, the defendant

---

[1] For purposes of this motion, I accept as true the factual allegations in the complaint and draw all
reasonable inferences in the plaintiff's favor. *See Town of Babylon v. Fed. Horn. Fin. Agency*, 699 F.3d
221, 227 (2d Cir. 2012). In his complaint, the plaintiff relies on the letters that the defendant sent him and
attaches them as exhibits. Accordingly, I consider them in deciding this motion. *See Chambers v. Time
Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2003) ("[W]here plaintiff has actual notice of all the information
in the movant's papers and has relied upon these documents in framing the complaint the necessity of
translating a Rule 12(b)(6) motion into one under Rule 56 is largely dissipated.") (citation omitted).

explained that it was "willing to accept less than the full balance due," which was $1,290.11, to settle the account. (ECF No. 1-2 at 1.) The letter set out the terms of the offer: "[t]he settlement offer shall be $786.97 due in our office on or before 09/23/2017," and the defendant was "not obligated to renew th[e] offer." (*Id.*)

Just over a month later, in October 2017, the defendant sent the plaintiff a second letter with a different caption: "31% SETTLEMENT OFFER." (ECF No. 1 ¶ 12; ECF No. 1-2 at 2.) This time, the terms were even better; the defendant was "willing to accept less than the full balance due" – $399.93 which would be "due in our office on or before 10/26/2017." (ECF No. 1-2 at 2.) The defendant again stipulated that it was "not obligated to renew th[e] offer." (*Id.*)

The defendant moves to dismiss the complaint for failure to state a claim. (ECF No. 15.) The plaintiff contends that the defendant's letters were deceptive because they made false "one-time, take-it-or-leave-it offer[s]" that "pressur[ed] the plaintiff into" prompt payment. (ECF No. 1 ¶¶ 15, 18.) According to the plaintiff, the September letter "demanded" that the plaintiff pay a reduced amount of $786.97 by September 23, 2017, an offer that was "time-sensitive" and "illusory" because the defendant made a "better" offer – $399.93 – in its October letter.[2] (*Id.* ¶¶ 11, 13, 16.)

## LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Hogan v. Fischer*, 738 F.3d 509, 514 (2d Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft*, 556 U.S. at 678). While

---

[2] The complaint is silent as to whether the plaintiff accepted either of the offers.

the pleading standard does not require "detailed factual allegations," it demands "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[A] formulaic recitation of the elements of a cause of action." *Id.* The court must construe a complaint liberally, "accepting all factual allegations . . . as true, and drawing all reasonable inferences in the plaintiff's favor." *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 113 (2d Cir. 2013) (quoting *Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009)).

## DISCUSSION

"Congress enacted the FDCPA to protect against the abusive debt collection practices likely to disrupt a debtor's life." *Cohen v. Rosicki, Rosicki & Assocs., P.C.*, 897 F.3d 75, 81 (2d Cir. 2018) (internal quotations and citation omitted). Accordingly, it prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C.A. §§ 1692, 1692e. The statute also prohibits "unfair or unconscionable means to collect or attempt to collect debt." 15 U.S.C.A. § 1692f. It further prohibits a debt collector from engaging in "any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of the debt." 15 U.S.C.A. § 1692d.

"In the Second Circuit, 'the question of whether a communication complies with the FDCPA is determined from the perspective of the 'least sophisticated consumer.''" *Kolbasyuk v. Capital Mgmt. Servs., LP*, 918 F.3d 236, 239 (2d Cir. 2019) (quoting *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 90 (2d Cir. 2008)). This standard requires "an objective analysis that seeks to protect the naïve from abusive practices, while simultaneously shielding debt collectors from liability for bizarre or idiosyncratic interpretations of debt collection letters." *Greco v. Trauner, Cohen & Thomas, LLP*, 412 F.3d 360, 363 (2d Cir. 2005) (internal citations omitted). "The hypothetical least sophisticated consumer does not have the astuteness of a

'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer, but is neither irrational nor a dolt." *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d. Cir. 2010). "[A] collection notice may violate the FDCPA when it is sufficiently ambiguous to give rise to a reasonable, but inaccurate, interpretation." *Kolbasyuk*, 918 F.3d at 239.

The letters at issue here are neither deceptive or misleading. In each letter, the defendant makes a settlement offer, and explains that it is "not obligated to renew th[e] offer" if the plaintiff does not pay by the specified date. (ECF No. 1-2 at 1-2.) This language satisfies the "least sophisticated consumer" standard, for nothing in the letter suggests that the offer is a one-time deal. On the contrary, the import of the letter is that the defendant could renew the offer, but was not obligated to do so. *See Evory v. RJM Acquisitions Funding L.L.C.*, 505 F.3d 769, 776 (7th Cir. 2007) (recognizing the sentence "[w]e are not obligated to renew this offer" is safe-harbor language that protects consumers from false impressions concerning one-time settlement offers).[3]

This is especially so because the defendant made a far more advantageous offer only a month later; even if the plaintiff was somehow duped into thinking that he had to act immediately – something he apparently did not do – he had to know when he got the second letter that the offer was not a "one-time" proposition. It is, moreover, difficult to see how labeling a collection agency's offer to permit a debtor to pay less than he owes as "deceptive" would be good public policy. Debt collectors would be deterred "from ever offering a lower

---

[3] The plaintiff cites *DeGeorge v. Financial Recovery Service, Inc.* for the proposition that the safe harbor language "We are not obligated to renew this offer" does "not authorize debt collectors to present deadlines in collection letters that were in fact non-existent." No. 11-CV-04288, 2012 WL 4473229, at *6 (E.D. Pa. Sep. 28, 2012). I respectfully disagree with the court's reasoning, as other courts in the Eastern District of Pennsylvania have done. *See, e.g., Kryluk v. Northland Group, Inc.*, No. 14-CV-3198, 2014 WL 6676728 (E.D. Pa. Nov. 25, 2014). There is nothing misleading or improper about making a settlement offer and including a deadline with that offer.

settlement amount[, . .] thus eliminat[ing] settlement possibilities." *Sarder v. Acad. Collection Serv., Inc.*, No. 02-CV-2486, 2005 WL 615831, at *3 (E.D.N.Y. Mar. 3, 2005), *report and recommendation adopted*, No. 02-CV-2486 (E.D.N.Y. Mar. 24, 2005); *see also Kraus v. Prof'l Bureau of Collections of Md., Inc.*, 281 F. Supp. 3d 312, 321 (E.D.N.Y. 2017) ("Discounted settlement offers such as the one communicated in the Letter are in consumers' best interest and should be encouraged, not punished for creatively imagined technical violations in the communication of additional information."). Accordingly, the letter is not false, deceptive or misleading, and the plaintiff's Section 1692e claim is dismissed for failure to state a claim. For similar reasons, the plaintiff's Section 1692f claim for "unfair or unconscionable" practices is dismissed. *See Bisono v. Fin. Recov. Serv., Inc.*, No. 2:18-CV-02975, 2019 WL 3536608 (E.D.N.Y. Aug. 28, 2019) (dismissing Section 1692f claim because the plaintiff failed to plead misconduct identified in Section 1692f or beyond those allegations supporting the plaintiff's other claims); *see also Sutton v. Fin. Recov. Serv., Inc.*, 121 F. Supp. 3d 309, 314 (E.D.N.Y. 2015) ("[C]ourts have considered an action unfair where it is marked by injustice, partiality, or deception, and unconscionable when it is unscrupulous, shows no regard for conscience, or affronts the sense of justice, decency, or reasonableness.") (citations, quotation marks, and alterations omitted).

Nor does the complaint state a claim under Section 1692d for harassing, oppressive or abusive conduct. The non-exhaustive list of examples of harassing conduct in Section 1692d includes the use or threat of violence, obscene language, and making abusive and repeated telephone calls. 15 U.S.C. § 1692d. The defendant's conduct – sending two letters making discounted offers to settle the debt – are not remotely comparable to the conduct outlined in the statute. *See Ceban v. Capital Man. Serv., L.P.*, No. 17-CV-4554, 2018 WL 451637, at *5

(E.D.N.Y. Jan. 17, 2018) (collecting cases for the proposition that sending allegedly misleading notices is not an offense under Section 1692d).

The plaintiff also contends that the defendant's letter forces recipients to contact the defendant via phone or in-person communication so that they can be "more easily abused." (ECF No. 16 at 6.) The claim is factually incorrect; each debt collection letter states that the plaintiff could make a payment online or by mail without ever having to speak to a representative. (ECF No. 1-2 at 1-2.) Similarly baseless is the plaintiff's argument that the defendant's letter pressures recipients to disclose their debts to friends and family to take advantage of the settlement. (ECF No. 16 at 9.) The plaintiff does not explain how this is so, nor does he allege that he made an "[e]mbarrassing disclosure" to a friend or family member. Accordingly, the plaintiff's 1692d claim is dismissed for failure to state a claim.

## CONCLUSION

The defendant's motion to dismiss is granted. The complaint is dismissed for failure to state a claim upon which relief may be granted. The Clerk of Court is respectfully directed to enter judgment in favor of the defendant and close the case.

**SO ORDERED.**

s/Ann M. Donnelly

ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
      September 23, 2019